UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JAMES BENNETT,

    Petitioner,

v.                                                           CASE NO. 6:12-cv-1331-Orl-31GJK

SECRETARY, DEPARTMENT
 OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

This case is before the Court on the initial petition (Doc. No. 1) and the amended petition (Doc. No. 13) for habeas corpus relief filed by Petitioner pursuant to 28 U.S.C. section 2254. Respondents filed responses (Doc. Nos. 8 and 16) to the petitions, and Petitioner filed a reply (Doc. No. 20) to the responses.

Petitioner alleges four claims for relief in his habeas petitions: (1) trial counsel was ineffective for failing to investigate and develop exculpatory evidence; (2) trial counsel was ineffective for failing to challenge a chain-of-custody violation; (3) the state appellate court erred in not granting relief on his claim that the trial court erred by denying his motion to suppress; and (4) the trial court erred in denying his Rule 3.850 motion.

I.   *Procedural History*

The State charged Petitioner by information with one count of trafficking in cocaine. Petitioner filed a motion to suppress, arguing that he had been illegally stopped and searched. The trial court held a hearing on the motion and then entered an order denying it. The case proceeded to a jury trial, and the jury found Petitioner guilty. The trial court adjudicated Petitioner guilty of the crime and sentenced him to imprisonment for a term of fifteen years. Petitioner filed a direct appeal with the Florida Fifth District Court of Appeal, which affirmed *per curiam* on August 10, 2010. The state appellate court denied Petitioner's motion for rehearing on September 16, 2010.

On July 5, 2011,[1] Petitioner filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850, which the trial court denied. Petitioner appealed the denial, and the state appellate court affirmed the denial *per curiam* on May 1, 2012. The state appellate court issued mandate on July 5, 2012.

II.   *Standard of Review*

A.   *Standard of Review Under the Antiterrorism Effective Death Penalty Act ("AEDPA")*

The instant habeas corpus petition is governed by the AEDPA. Under the AEDPA, if a claim was adjudicated on the merits in state court, habeas corpus relief can

---

[1] This is the filing date under the mailbox rule. *See Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999) (under the "mailbox rule," a pro se prisoner's motion to vacate, set aside, or correct sentence was filed on the date that he signed, executed, and delivered his petition to prison authorities for mailing).

only be granted if the state court's adjudication results in one of two outcomes. It must have either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1) and (2).

The Supreme Court has stated that a "state-court decision is contrary to this Court's clearly established precedents if it applies a rule that contradicts the governing law set forth in our cases, or if it confronts a set of facts that is materially indistinguishable from a decision of this Court but reaches a different result. *Brown v. Payton*, 544 U.S. 133, 141 (2005). Moreover, a "state-court decision involves an unreasonable application of this Court's clearly established precedents if the state court applies this Court's precedents to the facts in an objectively unreasonable manner. *Id*. Section 2254(d) creates a "difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011) (citations omitted) (quotations omitted).

B.   *Standard for Ineffective Assistance of Counsel*

The Sixth Amendment gives criminal defendants the right to effective assistance of counsel. U.S. Const., amend. VI; *Strickland v. Washington*, 466 U.S. 668, 684–86 (1984). To prevail on a claim of ineffective assistance of counsel, the defendant must

3

demonstrate: (1) that his counsel's performance was deficient, i.e., the performance fell below an objective standard of reasonableness; and (2) that he suffered prejudice as a result of that deficient performance. *Strickland*, 466 U.S. at 687–88. A habeas petitioner claiming ineffective assistance of counsel must succeed on both prongs of the *Strickland* test. *Johnson v. Alabama*, 256 F.3d 1156, 1176 (11th Cir. 2001). Further, the Court need not "address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697. To meet the deficient performance prong of *Strickland*, the defendant must show that counsel made errors so serious that he was not functioning as the counsel guaranteed by the Sixth Amendment. *Id*. at 687. There is a strong presumption that counsel's conduct fell within the range of reasonable professional assistance. *Id*. at 689. Counsel's performance is deficient only if it falls below the wide range of competence demanded of attorneys in criminal cases. *Id*.

Under *Strickland*, a petitioner pursuing a claim of ineffective assistance of counsel must also demonstrate prejudice. *Purvis v. Crosby*, 451 F.3d 734, 743 (11th Cir. 2006). Prejudice is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. A reasonable probability is one sufficient to undermine confidence in the outcome. *Id*. It is not enough for the defendant to show that the error had some conceivable effect on the outcome of the proceeding. *Id*. at 693. Rather, he must show that the result would have been different. *Id*.

4

Because "[t]he standards created by *Strickland* and § 2254(d) are both highly deferential, it follows that when the two apply in tandem, review is doubly so." *Morton v. Sec'y, Fla. Dept. of Corr.*, 684 F.3d 1157, 1167 (11th Cir. 2012) (citation omitted) (quotation omitted).

## III.   Analysis

### A.   Claim One

Petitioner filed a motion to suppress evidence that was seized from his vehicle. The trial court held a hearing on the motion and denied it. Petitioner asserts that trial counsel was ineffective by failing to investigate and develop exculpatory evidence with regard to Lieutenant John Boyd's testimony at the suppression hearing as to the reasons for the traffic stop. According to Petitioner, Lieutenant Boyd testified at the suppression hearing that he stopped Petitioner's vehicle because he heard gunshots and because the area had been the scene of a homicide. However, Petitioner asserts that the "purported homicide occurred 3 years prior to the . . . traffic stop." *See* Doc. No. 1 at 8. This claim was not raised in the state courts.

Petitioner's claim is procedurally barred because it was not raised with the state courts. There are two exceptions to the procedural default bar. First, a petitioner may overcome a procedural default by showing "both 'cause' for the default and actual 'prejudice' resulting from the default." *Henderson v. Campbell*, 353 F.3d 880, 892 (11th Cir. 2003). The second exception, known as the "fundamental miscarriage of justice," only "occurs in an extraordinary case, where a constitutional violation has resulted in

5

the conviction of someone who is actually innocent." *Id*. In the present case, Petitioner has neither alleged nor shown either cause or prejudice that would excuse the default. Likewise, Petitioner has neither alleged nor shown the applicability of the actual innocence exception. A review of the record reveals that the Petitioner is unable to satisfy either of the exceptions to the procedural default bar, and this claim is therefore dismissed.

Accordingly, Petitioner has failed to demonstrate that counsel acted deficiently with regard to this matter or that he sustained prejudice. As such, this claim is denied.

**B.     *Claim Two***

Petitioner argues that trial counsel was ineffective for failing to challenge a chain-of-custody violation. He contends that there were discrepancies between the weight of the contraband seized and the weight of the contraband entered into evidence. The claim was raised in Petitioner's Rule 3.850 motion and was denied.

At trial, Lieutenant Boyd testified that he observed a single, clear, "gallon-size Ziploc plastic baggie" in Petitioner's vehicle, containing "a large amount of what [he] believed to be cocaine." *See* App. B, Transcript of Trial at 75, 78. The bag contained 607 grams of cocaine with a purity of 85.5%. *Id*. at 118-20. The cocaine was not packaged in individual bags for resale. *Id*. at 119-20.

Aside from conclusory allegations, Petitioner has failed to demonstrate that there were any discrepancies in the weight of the seized contraband and the contraband entered into evidence. Likewise, Petitioner has not shown that there was any reason or

6

basis upon which to raise a chain-of-custody objection. As a result, Petitioner has not shown that counsel acted deficiently or that he sustained prejudice. Petitioner has also failed to demonstrate that the state court's decision rejecting his claim was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Applying the AEDPA's deferential standard, the Court rejects this claim.

C.      *Claims Three and Four*

Claims three and four were raised in Petitioner's amended habeas petition, which was filed on February 8, 2013, under the mailbox rule. The one-year period of limitation in this case expired on December 17, 2012.[2] *See* 28 U.S.C. § 2244(d)(1) ("A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court."). Thus, claims three and four are untimely.

If a prisoner amends his § 2254 petition after the statute of limitations expires, any new claims are untimely unless they relate back under Federal Rule of Civil Procedure 15(c) to one of the claims in the original petition. *See Cox v. Ferrell*, 262 Fed. App'x 147, 149 (11th Cir. 2008) ("in the context of a § 2254 petition, an amended claim

---

[2]Petitioner's conviction became final on December 15, 2010. The one-year period of limitation ran until July 5, 2011 (for a period of 202 days), when Petitioner filed his Rule 3.850 motion. Those proceeding concluded on July 5, 2012, and the one-year period expired on December 17, 2012 (163 days later plus two additional days, since the end-date was on a Saturday).

that would be time-barred pursuant to the AEDPA's one-year limitations period may be timely if it relates back to the original petition" under Rule 15(c)).  A claim "relates back" if it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out-or attempted to be set out-in the original pleading." Fed. R. Civ. P. 15(c)(1)(B).  An untimely claim must have arisen from the same set of facts as the timely filed claim, not from separate conduct or a separate occurrence in both time and type. *Davenport v. United States*, 217 F.3d 1341, 1344 (11th Cir. 2000) (quotations omitted) (citations omitted).

Here, claims three and four did not arise from the same set of facts as Petitioner's original claims, but arose from separate conduct and occurrences in both time and type. First, the new claims differ in time from the original petition because they concern events that took place on direct appeal and during the Rule 3.850 proceeding, whereas the claims in the original petition concerned events that took place during the trial. Second, the new claims differ in type from the original petition because the new claims do not concern ineffective assistance of trial counsel or facts underlying the ineffective assistance of trial counsel claims raised in the original petition.  The new claims involve different errors by different actors at different times.  As a result, claims three and four do not relate back to the date of his timely filed initial petition, and they are time-barred.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

8

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) and Amended Petition for Writ of Habeas Corpus (Doc. No. 13) filed by James Bennett are **DENIED**, and this case is **DISMISSED WITH PREJUDICE**.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[3] Accordingly, a Certificate of Appealability is **DENIED** in this case.

**DONE AND ORDERED** in Orlando, Florida, this 20th day of November, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

---

[3] Pursuant to Rule 11 of the *Rules Governing Section 2254 Cases In the United States District Courts*,

> The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

Copies to:
OrlP-2 11/20
James Bennett
Counsel of Record

10